UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IRMA AMAYA, *et al*.,

Plaintiffs,

v.

GENERAL MOTORS, LLC, *et al*.,

Defendants.

Case No. 2:25-cv-06548-CV (ASx)

**ORDER DENYING MOTION FOR REMAND**

**[DOC. # 13]**

On August 8, 2025, Plaintiffs Irma Amaya and Bryan Amaya filed a Motion for Remand ("Motion"). Doc. # 13 ("Mot."). Having reviewed and considered all the briefing filed with respect to the Motion, the Court finds that oral argument is not necessary to resolve the Motion, *see* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001), and concludes as follows.

## I. <u>INTRODUCTION</u>

Plaintiffs filed the present action on January 24, 2025, in the Superior Court of California for the County of Los Angeles. Doc. # 1-1 ("Compl."). Plaintiffs assert claims for (1) Violation of California Civil Code section 1793.2(d); (2) Violation of California Civil Code section 1793.2(b); (3) Violation of California Civil Code section 1793.2(a)(3); (4) Breach of Implied Warranty of Merchantability (Cal. Civ. Code §§ 1791.1, 1794); and

(5) Violation of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301-2312) ("MMWA"). *See generally*, Compl. Each claim is asserted against both Defendants General Motors LLC and Rotolo Chevrolet, Inc. *Id.* Plaintiffs seek actual damages, restitution, civil penalties, consequential and incidental damages, remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713, attorney fees and costs, prejudgment interest, and any other equitable or legal relief as the Court may deem proper. *See id.* at Prayer.

## II. FACTUAL BACKGROUND

Generally, Plaintiffs allege that on or around March 13, 2022, they purchased a used 2022 Chevrolet Silverado 1500, VIN 1GCPYFED8NZ225775 (the "Vehicle"). Compl. ¶¶ 7, 10. Defendants manufactured and/or distributed the Vehicle. *Id*. ¶ 10.

At the time of purchase, Plaintiffs received express written warranties under which Defendants undertook to preserve or maintain the utility of the Vehicle, and providing that Plaintiffs could deliver the Vehicle to Defendants for repair in the event of nonconformity during the applicable warranty period. *Id.* ¶ 12.

The Vehicle manifested defects during the warranty period which included engine and battery defects. *Id.* ¶ 13. Plaintiffs delivered the Vehicle to Defendants for repair of defects, but Defendants failed to service or repair Vehicle to conform to the applicable express warranties after a reasonable number of opportunities to do so. *Id*. ¶¶ 14, 15.

## III. PROCEDURAL BACKGROUND

Plaintiffs filed their Complaint on January 24, 2025, in the Los Angeles County Superior Court. Compl. On January 29, 2025, Plaintiffs served a copy of the Complaint and Summons on Defendants. Mot. at 1.; Doc. # 13-1 ("Yang Decl.") ¶ 5. On March 17, 2025, Defendants filed an answer in the Superior Court. Mot. at 1; Yang Decl. ¶ 6.

On May 15, 2025, Plaintiffs produced a copy of the Vehicle's Sale Agreement to Defendants as part of their initial disclosures under California Code of Civil Procedure section 871.26. Mot. at 2; Yang Decl. ¶ 7.

On July 17, 2025, Defendants removed the action to Federal Court on the basis of 28 U.S.C. §§ 1331 and 1367. Doc. # 1 ("NOR").

## IV. LEGAL STANDARD

A defendant may remove a civil action from state court to federal court when original jurisdiction would lie in the court to which the action was removed. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). District courts have original jurisdiction over actions arising under the United States Constitution, federal law or a treaty to which the United States is a party ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, as well as over actions involving parties of diverse citizenship with an amount in controversy exceeding $75,000 ("diversity jurisdiction"). 28 U.S.C. § 1332.

There are two 30-day periods for removal of a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010).

First, a defendant has 30 days to file a notice of removal when removability is clear from the face of the initial pleading. *Dietrich v. Boeing Company*, 14 F.4th 1089,1090 (9th Cir. 2021). Notice of removability is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC.*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under §1446 (b) to begin.").

Second, where the initial pleading fails to reveal a basis for removal, a defendant has 30 days after receiving a "copy of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which has become removable." *Dietrich* 14 F.4th at 1090 (quoting 28 U.S.C. §1446 (b)).

If neither 30-day period is exceeded, a defendant may remove the action after "discover[ing] based on its own investigation that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013). "A defendant should not be able to ignore pleadings or other documents from which removability may be

ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.* at 1125.

The MMWA allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract" to bring a "suit for damages and other legal and equitable relief" in "any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1). The MMWA also establishes that no such claim may be brought in the United States district courts "if the amount in controversy of any individual claim is less than the sum or value of $25" or "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs)." 15 U.S.C. § 2310(d)(3)(A) & (B). Put another way, federal courts have jurisdiction over MMWA claims only if the amount in controversy exceeds $50,000.

Because the MMWA is silent on the question of remedies, courts use "applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005); *see also Gusse v. Damon Corp.*, 470 F.Supp.2d 1110, 1117 (C.D. Cal. 2007) ("[C]ourts must look to state substantive law to determine the remedies for breach of an express limited warranty.").

## V. <u>DISCUSSION</u>

Plaintiffs argue that the case should be remanded because Defendants' removal was untimely. However, as discussed below, Defendants' removal was timely because neither the Complaint or service of Plaintiffs' statutory disclosures made the amount in controversy clear. Further, removal was proper because the Court has original jurisdiction over the matter.

### A. Defendants' Removal Was Timely

Plaintiffs argue that the case should be remanded because of the "procedurally defective" untimely Notice of Removal. Mot. at 1. In response, Defendants argue that the amount in controversy was indeterminate from the Complaint and sales agreement, and

without a clear basis for removal, neither 30-day deadline was triggered. Doc # 18 ("Opp.") at 7, 11–15. Defendants assert they timely removed upon conducting their own investigation into the amount in controversy. *Id.* at 7.

Plaintiffs assert that removal was untimely because (1) the Complaint made clear that damages were over $50,000, thus triggering the 30-day deadline for Defendants to remove, and alternatively, (2) the service of a copy of the Vehicle's sales agreement on May 15, 2025, made clear that damages were over $50,000, thus triggering the 30-day deadline for Defendants to remove. Mot. at 3.

The Court first notes that both parties appear to agree that the $50,000 amount in controversy requirement is met, as Plaintiffs are solely challenging the timeliness of the notice of removal.

1. The Complaint Did Not Trigger a 30-Day Deadline

Under 28 U.S.C. §1446(b)(1), a defendant has 30 days to remove if the initial pleading "affirmatively reveals on its face the facts necessary for federal court jurisdiction." *Harris*, 425 F.3d at 690–91 (internal quotations removed). Here, the amount in controversy is not ascertainable from the face of the Complaint and the first 30-day deadline was not triggered.

Plaintiffs acknowledge that the Complaint lacks any allegation of a "specific monetary relief figure." Mot. at 6. Nevertheless, Plaintiffs argue that the Defendants could have ascertained the amount in controversy from the Complaint alone. *Id* at 6–7. Plaintiffs rely on the Civil Case Cover Sheet attached to the Complaint which indicates that the damages exceeded $35,000. *Id.* Plaintiffs suggest that seeking the restitution amount along with civil penalties and attorney fees "make it clear the instant action was removable." *Id.* at 7. However, Plaintiffs' Complaint fails to allege the purchase price of the Vehicle nor allege facts needed to calculate applicable offsets. NOR at 4.

Courts in this district have held that a Civil Case Cover Sheet indicating that damages exceed $35,000 is insufficient for the amount in controversy to be ascertainable from the face of the Complaint. *See, e.g.*, *Lopez v. Gen. Motors, LLC*, No. CV 25-06549-

MWF(MAAx), 2025 WL 2629545, at *2 (C.D. Cal. Sept. 11, 2025) (collecting cases). The Civil Case Cover Sheet only indicates that the "amount demanded exceeds $35,000" and provides no further clarity into the amount in controversy for Defendants to be put on notice that the case was removable. Doc. # 1-1 at 4–10.

The court is unpersuaded by Plaintiffs' argument that the Defendants' "sophistication in the market valuation of the vehicles it manufactures and sells" would allow it to ascertain the amount in controversy. Mot. at 6–7. Although the Complaint included the year, make, model, VIN, and purchase date of the vehicle, the Ninth Circuit instructs that "defendants need not make extrapolations or engage in guesswork" to ascertain the amount in controversy. *Kuxhausen*, 707 F.3d at 1140. Without any allegation of a specific form of monetary relief, including the purchase price and necessary figures to calculate offsets, Defendants would have to engage in guesswork to decide whether the amount in controversy exceeds the required $50,000.

Further, Plaintiffs' assertion that civil penalties and attorney fees would necessarily raise the amount in controversy to over $50,000 is unpersuasive. *See Chavez v. FCA US LLC*, No. 2:19-cv-06003-ODW (GJSx), 2020 WL 468909, at *2 (C.D. Cal. Jan. 27, 2020) ("If the amount of actual damages is speculative, however, an attempt to determine the civil penalty is equally uncertain."); *Covarrubias v. Ford Motor Co.*, No. 2:25-cv-00328-JLS-MAA, 2025 WL 907544, at *2 (C.D. Cal. Mar. 24, 2025) ("Because any estimate of actual damages is uncertain from the face of the Plaintiff's Complaint, any estimate of civil penalties is equally uncertain."); *Lopez*, 2025 WL 2629545, at *4 (finding that where actual damages are not certain, finding that attorney fees alone would surmount the $50,000 amount is implausible).

2. <u>The Statutory Disclosures Did Not Trigger a 30-Day Deadline</u>

Under 28 U.S.C. §1446(b)(3), a defendant faces another 30-day deadline to remove if the initial complaint was indeterminate, but defendant receives a "copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Within the Ninth Circuit, courts require the

other paper to be "unequivocally clear and certain" in establishing the required jurisdictional facts for removal. *Dietrich*, 14 F.4th at 1091.

Plaintiffs contend that their May 15, 2025 production of the Vehicle's sales agreement, which identified a total sales price of $74,459.00, made the amount in controversy ascertainable. Mot. at 3.

However, Defendants are entitled to deduct all statutory offsets when calculating the amount in controversy. *Schneider v. Ford Motor Co.*, 756 Fed.Appx. 699, 701, n.3 (9th Cir. 2018) ("We have recognized that an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable." (internal quotations omitted)). Under the Song-Beverly Act, a buyer can recover the purchase price of the vehicle with the "amount directly attributable to the use by the buyer" deducted. Cal. Civ. Code § 1793.2(d)(2)(B)–(C). As of January 1, 2025, the Song-Beverly Act also allows for additional offsets "based on negative equity, manufacturer's rebate, any third-party sold optional equipment, and unpaid financing." *Lopez*, 2025 WL 2629545, at *3.

With the sales agreement disclosure, Plaintiffs argue that "any remaining doubt as to the amount in controversy was resolved." Mot. at 7. However, as the Defendants noted, the sales agreement lacks the figures needed to calculate statutory offsets under the Song-Beverly Act. Opp. at 16.

On June 24, 2025, Plaintiffs certified all repair records were disclosed. Opp. at 17. Prior to certification, calculating the mileage offset was unclear without the date the Vehicle was first presented for repair. *Id*. Further, Plaintiffs had not served any documentation of payment history until June 24, 2025. *Id*.

In contrast to cases such as *Penaloza v. General Motors, LLC*, where the defendant failed to identify specific missing information and relied on "cryptic references to a 'preliminary investigation,'" the Defendants here identified necessary documents including repair orders and payment history that Plaintiffs failed to include in their

Complaint and initial statutory disclosures. No. 2:25-cv-06831-WLH-JC, 2025 WL 2701875, at *3 (C.D. Cal. Sept. 23, 2025).

Because the sales agreement alone failed to meet the unequivocally clear and certain standard to put Defendants on notice that removal was proper and trigger a 30-day deadline to remove, the Court finds that the removal was not untimely.

**B. Defendants' Removal was Proper**

District courts retain original jurisdiction over actions arising under the United States Constitution, federal law, or a treaty to which the United States is a party ("federal question jurisdiction"), *see* 28 U.S.C. § 1331. Here, the Plaintiffs' claim is arising out of MMWA, a federal statute.

The MMWA amount in controversy requirement is also satisfied. Plaintiffs solely argue subject matter jurisdiction was improper due to untimeliness of removal. The Defendants plausibly alleged the amount in controversy was met through their investigation into applicable offsets and the purchase price of the Vehicle. NOR at 4.

Finally, the Court retains supplemental jurisdiction over all state law claims. Federal courts can exercise supplemental jurisdiction over all claims arising out of the same case or controversy as the originating claim which allows for federal court jurisdiction. 28 U.S.C. § 1367(a). The remaining state law claims all involve the Vehicle and Defendants' conduct surrounding the alleged breach of warranties. Thus, the case is properly in federal court and removal was proper.

**VI. CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Remand.

**IT IS SO ORDERED**.

Dated: 8/6/26

Cynthia Valenzuela

HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE